# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMMY TAYLOR NAILS, INC., <br><br> Plaintiff, <br><br> v. <br><br> MELANY VILJOEN; PEET VILJOEN; and TAMMY TAYLOR GLOBAL FRANCHISING, <br><br> Defendants. | Case No. 24-cv-0624-BAS-DTF <br><br> **ORDER GRANTING RENEWED MOTION FOR ATTORNEY'S FEES (ECF No. 30)** |

Presently before the Court is Plaintiff Tammy Taylor Nails, Inc.'s renewed motion for attorney's fees. (ECF No. 30.) The Court finds the present motion suitable for determination on the papers submitted. *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7.1(d)(1). For the reasons set forth below, the Court **GRANTS** Plaintiff's motion.

## I. BACKGROUND

Plaintiff sued Defendants for breach of contract and trademark infringement claims under state and federal law. (ECF No. 5.) After Defendants failed to appear or otherwise respond to the case, Plaintiff moved for default judgment. (ECF No. 17.) The Court largely granted the motion, but denied without prejudice Plaintiff's request for attorney's fees. (ECF No. 27.) The Court now addresses Plaintiff's renewed request for attorney's fees. (ECF No. 30.)

## II. DISCUSSION

### A. Entitlement to Fees

Plaintiff raises contractual and statutory grounds to support its entitlement to attorney's fees. Plaintiff can succeed on both grounds.

#### 1. Contractual Breach

Plaintiff and Defendants entered into two contracts which award attorney's fees to the prevailing party in a lawsuit. In the International Distribution Agreement, the contract states: "If any legal action [...] is brought in connection with this Agreement, the prevailing party shall be entitled to recover reasonable attorneys' fees. . . ." (Ex. J, § (14)(b), ECF No. 5-10.) The Master License Agreement has a similar provision. (Ex. K, § (11.2), ECF No. 5-11.) When a contract awards attorney's fees to a prevailing party, "the party who is determined to be the [prevailing] party [...] shall be entitled to reasonable attorney's fees in addition to other costs." Cal. Civ. Code § 1717. Here, Plaintiff prevailed on its contract claims against Defendants. Accordingly, Plaintiff can seek fees under the contracts.

#### 2. Lanham Act

Plaintiff may also seek attorney's fees under federal trademark law. The Lanham Act permits recovery of attorney's fees to the prevailing party in "exceptional cases." 15 U.S.C. § 1117(a). A district court awarding attorney's fees under the Lanham Act should "examine the 'totality of the circumstances' to determine if the case was exceptional." *SunEarth, Inc. v. Sun Earth Solar Power Co.*, 839 F.3d 1179, 1181 (9th Cir. 2016) (quoting *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014)). The district court can rely on a nonexclusive list of factors including "frivolousness, motivation, objective unreasonableness [...] and the need in particular circumstances to advance considerations of compensation and deterrence." *See Octane Fitness*, 572 U.S. at 554 n.6 (citation modified). A default judgment that establishes willfulness can satisfy the *Octane* factors. *See Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1023 (9th Cir. 2002); *see also Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 702 (9th Cir. 2008) (determining that because "all factual allegations in the complaint are deemed true" and

"the complaint pled willfulness," the default judgment "sufficiently establishes [the plaintiff's] entitlement to attorneys' fees under the Lanham Act"). Here, Plaintiff prevailed in its Lanham Act claims. Further, Plaintiff alleged willfulness. (Mot. 18:23; ECF No. 17.) Given the totality of circumstances, Defendants' actions support the kind of "exceptional" case that merits an attorney's fee award. Accordingly, Plaintiff can seek fees under the Lanham Act.

### B. Lodestar Calculation

Courts use the lodestar method to calculate reasonable attorney's fees. *See Intel Corp. v. Terabyte Intern., Inc.*, 6 F.3d 614, 622 (9th Cir. 1993). A court determines the lodestar by multiplying the reasonable number of hours spent on a case with a reasonable hourly rate. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Notwithstanding the calculation, other factors may lead the court to increase or decrease the lodestar amount. *Id.* at 434.

#### 1. Reasonable Number of Hours and Reasonable Hourly Rate

The reasonable number of hours is calculated by considering whether "the time could reasonably have been billed to a private client," *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008); thus, excluding hours that are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. Next, the reasonable hourly rate reflects the prevailing market rate for "similar services by a lawyer of reasonably comparable skill, experience, and reputation" in the community. *See Roberts v. City of Honolulu*, 938 F.3d 1020, 1024 (9th Cir. 2019) (citation omitted). The relevant community is generally "the forum in which the district court sits." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008).

Here, a partner and an associate worked on Plaintiff's case. The partner's hourly rate was $755.00 per hour, and he billed 42.8 hours on the matter; his fees amount to $32,314.00. (Kelly Decl. ¶ 5; ECF No. 17-26.) The associate's hourly rate was $550.00 per hour, and she billed a total of 12.8 hours on the matter; her fees total to $7,040.00. (*Id.* ¶ 6.) In their representation, Plaintiff's counsel had to file a complaint, coordinate service,

prepare a motion for default judgment, and support damages. (*Id.* ¶ 3.) The attorneys at Plaintiff's firm enter their billable time contemporaneously with the work they do, and the firm does not permit block billing. (*Id.* ¶ 7.) Plaintiff provides a copy of the firm's electronic billing records for the matter. (Ex. 38, ECF No. 17-27.) Plaintiff's counsel spent an appropriate amount of time on the case. Turning to the rate, the partner working on Plaintiff's case attests: "The rate I charge is competitive in the market for attorneys with my experience. Indeed, each year my rate is analyzed to determine the appropriate market rate for my services." (Kelly Decl. ¶ 5.) The partner makes a similar declaration regarding the associate's rate. (*Id.* ¶ 6.) The Court finds the rates per hour reasonable in this district given the experiences of counsel. (Kelly Decl. ¶¶ 3,5); *see also CliniComp Int'l, Inc. v. Cerner Corp.*, No. 17-cv-02479-GPC-DEB, 2023 WL 2604816, at *3 (S.D. Cal. Mar. 22, 2023) (determining "$1,465, $1,120, and $1,055 for […] partners" and "$805 and $610 for […] associates" to be appropriate hourly rates).

### 2. Other Adjustments to the Lodestar Figure

There is a "strong presumption" that the lodestar figure represents a reasonable fee award. *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992). Nevertheless, the court considers whether to adjust the lodestar figure upward or downward based on factors not subsumed in the lodestar calculation. *Hensley*, 461 U.S. at 434 ("The [lodestar] does not end the inquiry. There remain other considerations that may lead the district court to adjust the fee upward or downward, including the important factor of the 'results obtained.'"). Here, Plaintiff does not request an adjustment. The Court thus will not adjust the lodestar calculation.

### III. CONCLUSION

Accordingly, the Court **GRANTS** Plaintiff's renewed motion for attorney's fees in the amount of $39,354.00. (ECF No. 30.)

**IT IS SO ORDERED.**

**DATED: October 28, 2025**

Hon. Cynthia Bashant, Chief Judge
United States District Court